256 So.2d 542 (1972)
William McGREGOR, a Minor, and William McGregor, Jr., Appellants,
v.
Dino G. MARINI et al., Appellees.
No. 71-122.
District Court of Appeal of Florida, Fourth District.
January 14, 1972.
Reed A. Bryan, III, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for appellant William McGregor, III, a minor.
Burton E. Burdick, of Burdick & Donahoe, Fort Lauderdale, for appellee Dino G. Marini.
REED, Chief Judge.
This is an appeal from a final judgment for the plaintiff, Dino G. Marini, in the amount of $7,815.17. The appellant is William McGregor, III, a minor, and one of the defendants below. The judgment was entered on motion for summary judgment; hence, the issue here is whether or not the trial court erred in thus terminating the litigation.
The plaintiff, Mr. Marini, filed a complaint in the Court of Record for Broward County, Florida, on 16 August 1967. To the extent pertinent, the complaint charged that the minor defendants, William McGregor, III, and Thomas Eugene Scott, went on plaintiff's property and "negligently set fire to same" with resulting damages. Defendant McGregor filed a motion to dismiss on the ground that the complaint did not state a cause of action. With the pleadings in this posture and after many months' delay by the parties, the trial court on 30 October 1970 entered a summary final judgment from which the present appeal has been taken.
*543 The facts as to liability were basically established by the deposition of the two minor defendants, respective parents, and the plaintiff. From these depositions the event in question is portrayed without much significant conflict. It appears that William McGregor, III, lived directly across the street from the plaintiff's residence. On 6 January 1967, while the plaintiff's house was unoccupied, young McGregor and his friend, Thomas Scott, entered plaintiff's attic through a trap door in the carport. Once in the attic, the boys gained access to the main part of the house, got some matches, and returned to the attic which they proceeded to illuminate with candles. Their desire was to explore. McGregor found a bird's nest in the attic and lit this too. While this adventure was unfolding, Mrs. McGregor, apparently standing in or about her own premises, called for the boys to come home.
At this juncture the testimony as to what the boys did becomes slightly but not remarkably inconsistent. Young Scott said that McGregor stamped out part of the bird's nest and was the first to leave. McGregor testified, on the other hand, that he and Scott blew out all of the candles, Scott left first, and McGregor then tried to stamp out the bird's nest before he departed. In any event, fire broke out in the plaintiff's house shortly thereafter and caused serious damage.
At the time of all this activity, defendant McGregor was eight years ten months of age. According to his father, young McGregor knew the difference between right and wrong, was a good student in the third grade, and had been given the usual discipline respecting matches and fires. Scott was nine years three months, in the third grade, and had been instructed by his mother not to play with matches.
The entry of the summary judgment on the above facts of necessity involved a determination by the trial judge that McGregor's conduct was so clearly negligent that it could be announced as a matter of law. As we understand it, the standard by which the law measures the conduct of a minor over six years of age is that level of care which could reasonably be expected from a child of like age, intelligence, experience, and training. This has been stated in a number of opinions dealing with a child's conduct as contributory negligence. Dupuis v. Heider, 1934, 113 Fla. 679, 152 So. 659, 661; Larnel Builders, Inc. v. Martin, Fla. 1959, 110 So.2d 649; and Bermudez v. Jenkins, Fla.App. 1962, 144 So.2d 859. (See Swindell v. Hellkamp, Fla. 1970, 242 So.2d 708, 710, for the treatment of children under six years of age.) We see no reason why the same standard should not apply when the child's conduct is characterized as negligence as distinguished from contributory negligence. See Prosser Third, § 32, page 157. The standard is somewhat subjective because it allows for a consideration of the intelligence and background of the particular child whose conduct is to be measured. See Dupuis v. Heider, supra.
The present record contains precious little about the background of young McGregor. What is in the record is not, at least in our view, so conclusive that his conduct can be characterized as negligence as a matter of law. To put it another way, we believe that differing inferences could reasonably be drawn from the record as to whether or not McGregor's conduct fell below that which one might reasonably have expected from a child of like age, etc.
For the foregoing reason, we reverse the summary judgment and remand the cause for further proceedings.
Reversed and remanded.
CROSS and MAGER, JJ., concur.