548 So.2d 1163 (1989)
Susan C. GOMES, Guardian of Anna E. Courts, Incompetent, Appellant,
v.
Robert M. STEVENS and Barbara E. Stevens, Appellees.
No. 88-03590.
District Court of Appeal of Florida, Second District.
August 18, 1989.
Rehearing Denied September 18, 1989.
*1164 James C. McKenzie, P.A., Clearwater, for appellant.
Carl A. Schuh, St. Petersburg, for appellees.
SCHOONOVER, Judge.
The appellant, Susan C. Gomes, guardian of Anna E. Courts, Incompetent, challenges a final summary judgment in favor of the appellees, Robert Stevens and Barbara E. Stevens. We find that the trial court erred in granting the summary judgment and, accordingly, reverse.
The appellant filed a two-count amended complaint against the appellees seeking to have a promissory note and mortgage declared null and void on the grounds of fraud and the incompetency of Mrs. Courts. The appellees answered the amended complaint and filed a counterclaim. The counterclaim sought collectively, or in the alternative, to have the promissory note and mortgage declared valid and then reformed, specific performance of an agreement between the parties, foreclosure of the mortgage, damages, and an injunction. It also alleged causes of action for breach of contract, breach of implied contract, and restitution because of unjust enrichment.
After the case was at issue, the appellees moved for summary judgment on their restitution claim and on that portion of the appellant's amended complaint seeking to have the note and mortgage declared void on the grounds of fraud. The appellant also filed a motion for summary judgment on her amended complaint. At the conclusion of the hearing on the motions, the court granted the appellees' motion and denied the appellant's motion. The court then entered a final summary judgment for the appellees. The judgment awarded the sum of $46,000 plus costs to the appellees and secured the payment of that sum by imposing an equitable lien on the appellant's home. The judgment also determined that, because of the summary judgment in favor of the appellees, the amended complaint was rendered moot and, accordingly, dismissed with prejudice. This timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden, furthermore, is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also Holl v. Talcott, 191 So.2d 40 (Fla. 1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. In this case, the appellees did not carry their burden and summary judgment was, therefore, improper.
In order to prevail in the instant action, the appellees had to prove that a benefit was conferred upon Mrs. Courts, that she appreciated such benefit, and that the acceptance and retention of it was under such circumstances that it would be inequitable for her to retain the benefit without paying the value thereof. Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710 (Fla. 2d DCA 1988). The appellees also had to establish that Mrs. Courts either requested the benefit or knowingly and voluntarily accepted it, Butler, and that the benefit flowed to her. Coffee Pot Plaza Partnership v. Arrow Air Conditioning & Refrigeration, Inc., 412 So.2d 883 (Fla. 2d DCA 1982). In this case, although it appears that Mrs. Courts knowingly and voluntarily allowed the improvements to her home, we cannot say as a matter of law that the appellees proved that a benefit flowed to her. Since the *1165 record reflects the existence of a genuine issue of material fact, or the possibility of such an issue, i.e., whether a benefit flowed to Mrs. Courts, the trial court erred in entering a summary judgment in favor of the appellees. Snyder. Additionally, since the trial court dismissed the appellant's amended complaint on the ground that it was moot because of the summary judgment, and we are reversing that summary judgment, the amended complaint must be reinstated.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and PATTERSON, J., concur.