576 So.2d 945 (1991)
Jerome B. COHEN and Peggy Cohen, Appellants,
v.
Sonya WALL and Jack Wall, Appellees.
Nos. 90-01118, 90-01872.
District Court of Appeal of Florida, Second District.
March 29, 1991.
Robert B. Dietz, Jr. and Carl H. Winslow, Jr., of Jeffrey D. Troy, P.A., Fort Myers, for appellants.
Edward A. Perse of Perse, P.A. & Ginsberg, P.A. and Associates and Bruce L. Scheiner, Miami, for appellees.
SCHOONOVER, Chief Judge.
The appellants, Jerome B. Cohen and Peggy Cohen, challenge a summary judgment as to liability entered in favor of the appellees, Sonya Wall and Jack Wall. We find that the trial court erred in granting the summary judgment and, accordingly, reverse.
The Walls filed an action against the Cohens as a result of injuries sustained by Mrs. Wall after encountering the Cohens' dog, Bogart. The complaint alleged that the Cohens were liable pursuant to section 767.01, Florida Statutes (1987), for injuries sustained by Mrs. Wall.
After the action was at issue, the Walls filed a motion seeking a partial summary judgment as to liability. In their motion, the Walls alleged that it was undisputed that Bogart was barking as he ran towards Mrs. Wall. The dog had escaped from the house and was running toward Mrs. Wall, apparently on his way to join some boys playing ball across the street. It was also alleged that Mrs. Wall was frightened and stumbled backwards falling over unattended bicycles and that the Cohens were liable pursuant to section 767.01 which provides that dog owners are liable for any damage caused to persons by their dog. At the conclusion of the proceedings on the motion for partial summary judgment, the court entered an order granting the motion, and the Cohens filed a timely notice of appeal. The trial court subsequently entered a final summary judgment which the Cohens also appealed. This court consolidated the two appeals.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden, furthermore, is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d *946 DCA 1979). See also Holl v. Talcott, 191 So.2d 40 (Fla. 1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if it raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes; Snyder.
In this case, the Walls did not meet their burden. We agree with the Walls' contention that it is not necessary to prove that the dog actually touched Mrs. Wall in order to establish liability under section 767.01. Jones v. Utica Mut. Ins. Co., 463 So.2d 1153 (Fla. 1985). It is, however, necessary to establish an affirmative or aggressive action on the part of the dog, Jones; Rutland v. Biel, 277 So.2d 807 (Fla. 2d DCA 1973), and to show that such action was the proximate cause of Mrs. Wall's injuries. Jones; Rutland. The record in this case fails to conclusively establish the lack of a material issue in this regard. Deposition testimony introduced at the hearing on the motion for partial summary judgment fails to conclusively establish an affirmative or aggressive action, on the part of Bogart, which was the proximate cause of the accident. Jones; Snyder. The trial court, accordingly, erred by granting summary judgment as to liability. Gomes; Snyder. We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded with instructions.
RYDER and HALL, JJ., concur.