RYDER, Acting Chief Judge.
Tim Keough, d/b/ Garden World Nursery, Inc., seeks review of the trial court’s order of final summary judgment in favor of appellees in this negligence action. We reverse.
Keough filed a negligence action against appellee, Archie J. Wimpy, alleging that Wimpy was in the process of catching and burning lizards next to Keough’s business when Wimpy caused gasoline to ignite Keough’s business. Following the depositions of Wimpy and his companion, David Nicholson, Wimpy filed a motion for summary judgment. The motion alleged that Wimpy was not responsible for setting the fire and that Nicholson was the sole cause of Keough’s damages.
The deposition of Nicholson indicated that Wimpy, age twelve, and himself, age eleven, together had planned to go to Keough’s place of business for the purpose of obtaining gasoline and burning lizards. Nicholson testified that Wimpy held the lizard while Nicholson poured the gasoline on the ground. Wimpy then handed the lizard to Nicholson and Nicholson placed the lizard into the gasoline. Nicholson further testified that he then lit the match which subsequently caused the damage to Keough’s business. Nicholson testified that he and Wimpy knew that the purpose of going to Keough’s place of business was to light the lizard on fire. Nicholson testified that Wimpy never attempted to stop him from lighting the lizard and never cautioned him nor told Nicholson that he was doing the wrong thing by lighting the lizard. The testimony of Nicholson throughout his deposition was to the effect that the boys were jointly participating in lighting the lizards, with both participating to that end voluntarily.
The deposition of Wimpy confirmed that he was present at the time the fire took place and confirmed that Wimpy was playing with his friend, Nicholson, at Keough’s place of business trying to catch some lizards. Contrary to Nicholson’s testimony, Wimpy claimed that he never saw Nicholson pour the gasoline and that Nicholson “decided to light the gasoline on fire to find out if it was gas.” Wimpy claimed that he did not have enough time to warn Nicholson not to light the gasoline and that he was trying to catch a lizard about five feet away instead of handing a lizard to Nicholson as Nicholson claimed in his deposition.
*303 After the fire was started, Wimpy claims to have tried to put the fire out with a hose, but the hose would not turn on so the boys ran to Wimpy’s grandmother’s house.
Based on the above depositions, the trial court granted Wimpy’s motion for summary judgment and entered final judgment for appellees.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). In addition, the burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Cohen v. Wall, 576 So.2d 945 (Fla. 2d DCA 1991); Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Cohen; Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593 (Fla. 2d DCA 1991); Gomes.
In the case sub judice, the deposition testimony of the two boys conflicts with regard to Wimpy’s participation in the lizard lighting activities. Different inferences can reasonably be drawn from these facts. See Crandall. Under these circumstances, it was error for the trial court to enter summary judgment in favor of appel-lees. See Guyton v. Colvin, 473 So.2d 266 (Fla. 1st DCA 1985); McGregor v. Marini, 256 So.2d 542 (Fla. 4th DCA 1972).
Accordingly the case is reversed and remanded for proceedings consistent with this opinion.
LEHAN and FRANK, JJ., concur.