583 So.2d 788 (1991)
Beverly HOLLAND and Thomas Holland, Appellants,
v.
Gustav VERHEUL and Elizabeth Verheul, d/b/a Meadows Coiffures Beauty Salon, Appellees.
No. 90-03546.
District Court of Appeal of Florida, Second District.
August 9, 1991.
Robin M. Orosz and Robert G. Lyons of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for appellants.
Patricia D. Prouty of Price, Price & Prouty, Chartered, Bradenton, for appellees.
RYDER, Judge.
Beverly and Thomas Holland seek review of the trial court's order of final summary judgment in favor of appellees in this personal injury action. We reverse.
On June 17, 1989, Mrs. Holland was present as a patron at Meadows Beauty Salon owned by appellees. After Mrs. Holland's beauty appointment, as she was departing from the premises, she realized that she had left a package on the counter next to the station where she had been seated. While walking in a normal fashion, Mrs. Holland came abruptly to a halt, lurched forward and fell onto the tile floor. As a result of the fall, Mrs. Holland sustained injuries including a fractured left hip. Mr. Holland, as Mrs. Holland's spouse, suffered derivative damages.
The Hollands filed suit against appellees based on negligence, specifically that appellees failed to properly maintain the premises in a reasonably safe condition and to warn of the danger present upon the premises. Appellees denied liability and subsequently filed a motion for summary judgment. The motion for summary judgment alleged that the Hollands were unable to identify a particular defect that caused Mrs. Holland's injuries. Appellants filed an affidavit in opposition to the motion for summary judgment by engineer/contractor Norman Nixon. In his affidavit, Mr. Nixon stated that he personally inspected the beauty salon and the condition of the floor *789 on the premises. Upon inspection, Mr. Nixon found a tile which was over one-eighth of an inch higher than the rest of the flooring. Mr. Nixon also stated that the difference in the height of the tiles "creates a dangerous, hazardous, and/or unsafe condition for persons traversing said premises." The trial court granted appellees' motion for summary judgment.
Shirley Robertson, a patron of appellees' business, present at the time of the incident, testified that after Mrs. Holland's fall there was discussion among the customers and beauticians about what had caused the fall. There was discussion of the appearance of a slight raise in the floor in the area where Mrs. Holland had fallen. Ms. Robertson testified that Mrs. Holland was walking and then lurched as she fell as if she bumped something or caught her foot on something.
Sharon Leverone, an employee of appellees' business, testified that there was one tile on the floor that was a little raised. She also stated that she had tripped on the raised tile before and had complained to appellees about it before Mrs. Holland's fall. She testified that she saw Mrs. Holland's shoe come down on a tile in the area of the floor where the raised tile was located. Ms. Leverone also testified that another employee, Carol Christensen, had complained about a raised tile in the same area. Ms. Leverone stated that there is only one tile in the immediate vicinity of Mrs. Holland's fall which is raised and which she had tripped on previously.
Mrs. Holland testified that she had visited the salon once a week for the one and one-half to two years prior to the incident. The tile floor had been down for at least six months prior to the fall. Mrs. Holland also testified that she was wearing two and one-half to three-inch heels at the time of the incident. Mrs. Holland could not identify which tile allegedly caused her to fall. She could only give the general area of the fall and could not be specific. Mrs. Holland testified that her body came to a very abrupt stop and she flew forward. As to what caused that motion to occur she does not know. Mrs. Holland testified that she did not check the floor area at any time after the fall to see what had caused her to fall. She has no personal knowledge as to whether or not the tiles were even or uneven.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). In addition, the burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Cohen v. Wall, 576 So.2d 945 (Fla. 2d DCA 1991); Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Cohen; Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593 (Fla. 2d DCA 1991); Gomes.
Although none of the witnesses in the case sub judice are absolutely sure about what caused Mrs. Holland to fall, different inferences can reasonably be drawn from the facts. See Crandall. The witnesses here identified a slightly raised tile in the area of the floor where Mrs. Holland fell. The affidavit in opposition to the motion for summary judgment showed that a raised tile was found in the area where Mrs. Holland fell. The testimony in this case presents a question for the trier of fact. Under these circumstances, it was error for the trial court to enter summary judgment in favor of appellees.
Accordingly, the case is reversed and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY, J., concur.