QUINCE, Judge.
Robert and Rosemary Kratz (the Kratzes) appeal the trial court’s orders granting summary judgment regarding the priority of a mortgage and foreclosing on property. We reverse since there is an issue of fact to be resolved concerning the intended use of a subordination agreement.
Paul Legac, as trustee of the Railway Services International, Inc., and in his individual capacity, was given two promissory notes by John E. Folds for $100,000.00 and $50,000.00 respectively. As security for the notes, Le-gac was given a second mortgage on certain real property Folds owned in Pinellas County, Florida. Legac had, by assignment from Fairfield Communities, Inc., acquired a first mortgage on the same property in the amount of $63,000.00.
In April, 1991, Folds asked Legac to execute a subordination agreement so that Folds and his business associate, Hurley Toliver Payne, could obtain financing to construct a single family dwelling on the property. Le-gac executed the subordination agreement, which in the first sentence identified Folds as mortgagor, but which was essentially left blank in the body of the document. Subsequent to Legac’s execution of the agreement, Folds quitclaimed his interest in the property to Cumberland Custom Homes of Florida, a company in which Folds appears to have been a director.
Payne negotiated with the Kratzes for financing to improve the property. The Kratzes believed they were getting a first mortgage on the property. Payne presented to the closing agent the subordination agreement and the quitclaim deed. The closing agent filled in the blanks left in the subordination agreement, inserting Payne and Cumberland Homes as mortgagors. The closing agent also requested and received confirmation from Legac’s attorney that the payoff amount for the first mortgage held by Legac was approximately $63,000. After the closing, Legac accepted a check in the amount of $63,787.41 as payoff of the first mortgage lien, and executed a satisfaction of the first mortgage lien.
Subsequently, Legac filed a declaratory judgment action seeking to have his remaining mortgage declared a first mortgage, superior to all other mortgages, including the Kratzes. He asserted that the subordination agreement previously executed was invalid. He also filed an action to foreclose on the property. The trial court granted summary judgment on both actions. This appeal followed.
A party moving for summary judgment must conclusively show there is no genuine issue of material fact; the trial court must draw all inferences in favor of the party against whom a summary judgment is sought. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). If the evidence raises any issue of material fact, it should be submitted to the jury as a question of fact to be determined by it. A summary judgment should not be granted unless the facts are so crystallized that nothing remains except questions of law. Moore v. Morris, 475 So.2d 666 (Fla.1985).
There is an issue of fact regarding the intended use of the subordination agreement. The evidence indicates that Legac *31 knew that Payne and Folds were working together to obtain financing. Moreover, Le-gae sent the signed but uncompleted document to Fold’s attorney without any directions as to its limitations or use. Under these circumstances, summary judgment was inappropriate.
We reverse the summary judgments and remand for further proceedings.
PATTERSON, A.C.J., and ALTENBERND, J., concur.