PER CURIAM.
This is an appeal by the plaintiff Marion Hertzberg from an adverse final summary judgment in a slip-and-fall negligence action. We reverse and remand for further proceedings.
The record reveals that while visiting the condominium apartment of her ex-husband, the defendant Daniel Hertzberg, the plaintiff Marion Hertzberg slipped and fell in the small kitchen of the defendant’s apartment, sustaining certain injuries. The defendant Daniel Hertzberg witnessed the accident and stated that the plaintiffs feet flew out from under her and that she shot forward “as if she slipped on something.” (R. 22). After helping the plaintiff to a guest bedroom, the defendant went back to the kitchen to find out what the plaintiff had slipped on; he swept the kitchen floor and found a hard grapefruit seed, the color of which blended in with the kitchen floor. The defendant conceded in his deposition that this is what the plaintiff slipped on, that he eats grapefruit every morning (accounting for the presence of the seed), and that he was negligent in failing to remove this seed from the floor.
Given this record, we conclude that genuine issues of material fact are presented on this record as to (1) whether the plaintiff slipped on the grapefruit seed on the defendant’s floor, and (2) whether the defendant failed to exercise reasonable care in maintaining his premises in a reasonably safe condition by allowing the grapefruit seed to remain on his kitchen floor. The fact that the plaintiff does not personally know exactly what she slipped on cannot change this result. Holland v. Verheul, 583 So.2d 788 (Fla. 2d DCA 1991).
Reversed and remanded.