SCHOONOVER, Acting Chief Judge.
The appellant, Patrice Christian, individually and as natural mother and guardian of Lamarkius Ward and Victoria White, her minor children, challenges a summary judgment entered in favor of the appellee, Over-street Paving Company, a Florida corporation. We reverse.
The appellant filed a negligence action seeking damages from the appellee for injuries her minor children sustained as the result of an accident involving a motor vehicle owned by the appellee. At the time of the accident, the vehicle, a truck, was being driven by a person who had stolen it just a few minutes before the accident. The appellant *840 claimed that the appellee was liable because one of its employees had left the keys in the truck’s ignition when the employee left the vehicle and went inside a dwelling to pick up his son. The trial court granted the appel-lee’s motion for summary judgment, and the appellant filed a timely notice of appeal from the final judgment.
A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(e). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). If the record reflects the existence of any genuine issue of material fact, or the possibility of an issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes; Snyder. In this case, summary judgment was improperly granted because the appellee did not meet this burden. Under the facts developed to date in this case, several issues of material fact, including the location of the truck when it was stolen and the question of foreseeability, remain to be determined by the trier of fact. See Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977). See also Eaton Constr. Co. v. Edwards, 617 So.2d 858 (Fla. 5th DCA), rev. denied, 626 So.2d 205 (Fla.1993).
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
Reversed and remanded.
PARKER and WHATLEY, JJ., concur.