PER CURIAM.
This case involves a dispute arising from the purchase of the assets of The Shoppin-Guide, Inc. The appellants, the plaintiffs in the trial court, were the purchasers of the assets. They sued four defendants, including the appellee, in a multieount complaint. The appellants contend the summary judgment entered in favor of the appellee on the two counts against him was error. One count naming the appellee sounded in common law fraud and the other claimed damages pursuant to violations of section 517.301(l)(a), Florida Statutes (1991). We reverse.
The appellants claimed in their complaint that the appellee made several representations to them as part of a plan to induce them into buying the assets of The Shoppin-Guide Inc. which were false and misleading as to the true situation of the company and its assets. In particular, the appellants claimed that the appellee misrepresented material facts about his ownership interest in the assets sold to the appellants and the corporate viability of the company. Contrary to the appellee’s arguments on appeal, we find the facts material and disputed.
We have consistently held that a motion for summary judgment should not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This is indeed a heavy burden. Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995) (party moving for summary judgment has burden of establishing irrefutably that the nonmoving party cannot prevail); Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). The appellee, as the movant, must demonstrate conclusively that the appellants could not prevail. “If the record reflects the existence of any genuine issue of material fact, or the possibility of an issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla. 2d DCA 1989). The appellee, in his motion for summary judgment and in the other pleadings and evidence in the record, has not shown the absence of disputed material fact or that the appellants are conclusively unable to prevail. Because we find there was a disputed issue about the extent of the appellee’s role in the fraud and investment violations allegedly perpetrated upon the appellants, the case against the appellee cannot be resolved by summary judgment. Leroux v. Nynex Worldwide Serv. Group, 677 So.2d 956 (Fla. 2d DCA 1996).
We reverse and remand this matter for further proceedings in the trial court.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.