PER CURIAM.
The plaintiff, Beverly R. Waltner, appeals an adverse final summary judgment in a negligence action. We reverse and remand for further proceedings.
The plaintiff was injured m a traffic accident that occurred one evening as her vehicle exited thé parking lot of á shopping center in which the defendants’ Subway sandwich shop was a tenant. Turning right onto southbound U.S. 1, the plaintiff was struck by a vehicle driven by a third party. The plaintiff brought the instant action, alleging that the defendants had negligently placed on U.S. 1 a Subway sign that blocked the plaintiffs vision to the left as she exited the parking lot.
In her deposition, the plaintiff stated, “From what I could see, nothing obstructed my vision.” The defendants moved for summary judgment, contending that if nothing obstructed the plaintiffs vision, then as a matter of law the Subway sign could not have caused, or contributed to, the accident. The record reveals, however, that what the plaintiff meant by her statement was that she didn’t see the sign at all in the dark, and thus believed that nothing obstructed her vision. Unbeknownst to the plaintiff, the sign obstructed part of the view to the left, including, it turned out, the third party’s oncoming vehicle. When plaintiffs testimony is read in full context, it is clear that summary judgment should not have been granted. See Hertzberg v. Hertzberg, 639 So.2d 175, 175 *868 (Fla. 3d DCA 1994); Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991).
Reversed and remanded.