BLACK, Judge.
 

 Loida Coral, as personal representative for the estate of Wilfredo Carlitos Coral, challenges the trial court’s order granting final summary judgment in favor of Gar-rard Carpentry, Inc. (Carpentry), and Gar-rard Crane Service, Inc. (Crane). Because we cannot determine whether all of the factual issues in Ms. Coral’s complaint are resolved and because there remain disputed issues of fact regarding Carpentry and Crane’s entitlement to workers’ compensation immunity, we reverse and remand for further proceedings.
 

 I.
 
 Background Facts
 

 Ms. Coral filed this wrongful death action after her husband suffered fatal injuries while repairing a crane. She claimed that the events surrounding her husband’s death involved three construction-related companies, Carpentry, Crane, and Garrard Tractor Service, Inc. (Tractor). Louis Garrard, V, was the sole owner of all three companies.
 

 Prior to Mr. Coral’s death, Carpentry leased a crane from Altec Capital Services, LLC (Altec), and was using it for a project involving the placement of trusses. A pipe on the crane malfunctioned, and the crane was brought to Tractor’s garage for repairs. Mr. Coral was a crane mechanic employed by First Financial Employee Leasing, Inc. (First Financial), and leased to Tractor for the repairs. First Financial is a company that leases employees to clients but secures workers’ compensation coverage and maintains the employee on its payroll. The employee leasing agreement that Mr. Coral signed included a provision that stated:
 

 In recognition of the fact that any work related injuries which might be sustained by me are covered by state worker’s compensation statutes, and to avoid the circumvention of such state statutes which may result from suits against the customers or clients of First Financial or against First Financial based on the same injury or injuries, and to the extent permitted by law, I hereby waive and forever release any rights I might have to make claims or bring suit against any Client or customer of First Financial or against First Financial for damages based upon injuries which are covered under such worker’s compensation statutes....
 
 [1]
 

 When the crane operator pulled the crane into Tractor’s garage, he checked with Mr. Coral to confirm that he did not need to relocate the crane for the repairs, and Mr. Coral indicated that the location was fine. The operator then clocked out and left. After Mr. Coral finished repairing the crane, he got into the crane to make sure it was functioning properly. Although he was not authorized to operate the crane, Mr. Coral operated the boom on the crane without first setting the outrig
 
 *1272
 
 gers, and the crane tipped over on him, killing him.
 

 Ms. Coral filed her wrongful death claim against Terex Corporation (Terex), the company that built the crane, and Hydraulic Machinery, Inc., a Florida company that sold the crane. For a little over a year, the litigation was solely a products liability suit. However, Ms. Coral was granted leave to amend her complaint to include sister corporations of Terex and to include Tractor, Carpentry, and Crane. Ms. Coral settled her products liability claims with the Terex corporations and with Hydraulic Machinery, Inc., but she reserved the right to continue with her wrongful death claim against Tractor, Carpentry, and Crane.
 

 In her 139-page amended complaint, Ms. Coral contended that Tractor, Carpentry, and Crane purchased the crane from Hydraulic Machinery, Inc., and were the owners of the crane on the date of Mr. Coral’s death. Based on her allegation of ownership, it appears the claims Ms. Coral asserted against the three companies related to products liability; however, any other legal basis of liability against the companies is unclear.
 

 Tractor, Carpentry, and Crane’s answer denied all allegations in the complaint. The companies also asserted affirmative defenses. Tractor contended that it was immune from tort liability because it paid workers’ compensation benefits on behalf of the decedent. Carpentry and Crane claimed that they neither owned nor leased the crane and were not liable for its operation. They also asserted that they never employed Mr. Coral or owed him a duty of care.
 

 Ms. Coral voluntarily dismissed her claim against Tractor, leaving pending claims against only Carpentry and Crane. Upon proper motions, the court separately granted Carpentry and Crane leave to amend their original answer. They filed separate amended answers, asserting numerous, identical affirmative defenses. The answers maintained that Ms. Coral’s complaint failed to state a cause of action against either company. Further, they asserted that the crane was subject to unforeseeable use by Mr. Coral and that he operated the crane in an unsafe manner. The answers alleged that Ms. Coral’s claims were barred by the sophisticated user doctrine and workers’ compensation immunity. Carpentry and Crane also asserted that Mr. Coral was their borrowed servant, and thus, they were immune from liability under the borrowed servant doctrine. Finally, they contended that Mr. Coral waived and released his right to bring suit against them.
 

 Carpentry filed its motion for summary judgment based on its affirmative defenses. Carpentry asserted that Ms. Coral was barred from bringing the lawsuit because she received workers’ compensation benefits. The foundation for each of the arguments in the motion was that Carpentry and Tractor were closely related and singularly owned. The motion asserted that summary judgment was proper because (1) Mr. Coral waived any right to a claim in his employee agreement; (2) Carpentry was entitled to workers’ compensation immunity under either the common law borrowed servant doctrine or statutory special employment, pursuant to section 440.11(2), Florida Statutes (2005); (3) Carpentry was immune from liability under section 440.10(l)(b) because Tractor was a subcontractor of Carpentry at the time of Mr. Coral’s death; and (4) Carpentry was not liable under the dangerous instrumentality doctrine. Subsequently, Crane filed a notice requesting joinder to Carpentry’s motion for summary judgment.
 

 Ms. Coral filed a motion in opposition to Carpentry’s motion, claiming that there
 
 *1273
 
 were numerous excerpts from Mr. Gar-rard’s deposition testimony which refuted the claims that Carpentry and Tractor were interrelated companies, that Mr. Coral was employed by Carpentry, and that Mr. Coral was not under the direction of anyone employed at Carpentry. In the deposition testimony, Mr. Garrard acknowledged that the three companies he owned were completely separate entities. He stated that Mr. Coral was leased to Tractor, and he stated that no one at Carpentry was in a supervisory position over Mr. Coral.
 

 A hearing was held on the motions, and the trial court made the following oral ruling:
 

 I’m going to grant, because I think the statute toward the facts of this scenario fit within the statutory scheme. Granted — and I think the Plaintiff! ][is] — the Plaintiffs side [is] correct, there’s not exactly a hundred percent lineup on facts. But the critical facts that allow this case to be considered for comp immunity, I think, you know, obviously I’m ruling are undisputed.
 

 And it is a situation where there was a leasing company that supplied employees to effectively three wholly owned companies that intermingled business. It’s my opinion that the statute was designed to provide — make sure there was compensation under worker[s’] comp for those employees, the statutory scheme. And as a result of that, I’m going to grant their motion.
 

 Following the hearing, the trial court entered a written order granting Crane’s motion for joinder to Carpentry’s motion for summary judgment and granting summary judgment in favor of both Carpentry and Crane. The written order simply stated that there were no genuine issues of material fact and that Carpentry and Crane were entitled to judgment as a matter of law. It made no findings of fact or conclusions of law.
 

 II.
 
 Standard of Review
 

 The underlying purpose of a motion for summary judgment “is to determine whether any genuine issues of material fact exist for resolution by the trier of fact.”
 
 CSX Transp., Inc. v. Pasco Cnty.,
 
 660 So.2d 757, 758 (Fla. 2d DCA 1995) (citing
 
 A. & G. Aircraft Serv., Inc. v. Drake,
 
 143 So.2d 703, 705 (Fla. 2d DCA 1962)). “A summary judgment should not be granted unless the facts are so crystallized that nothing remains except questions of law.”
 
 Kratz v. Legac,
 
 637 So.2d 29, 30 (Fla. 2d DCA 1994) (citing
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985)). The standard of review for an order granting summary judgment is de novo.
 
 Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). “The party moving for summary judgment has the burden of showing the nonexistence of [a] genuine issue of material fact.”
 
 Richardson v. Wal-Mark Contracting Grp., LLC,
 
 814 So.2d 534, 535 (Fla. 2d DCA 2002) (citing
 
 Holl v. Talcott,
 
 191 So.2d 40, 43 (Fla.1966)). “If the record reflects the existence of any genuine issue of material fact, or the possibility of an issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.”
 
 Christian v. Overstreet Paving Co.,
 
 679 So.2d 839, 840 (Fla. 2d DCA 1996) (citing
 
 Gomes v. Stevens,
 
 548 So.2d 1163, 1164 (Fla. 2d DCA 1989)).
 

 III.
 
 Analysis
 

 After reviewing the voluminous record, we find there are unresolved issues that render summary judgment premature. First, this case is difficult to analyze because the second amended complaint does not allege a “short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” Fla. R. Civ.
 
 *1274
 
 P. 1.110(b). During oral argument, we assumed that Ms. Coral was alleging theories of liability similar to those discussed in
 
 Halifax Paving, Inc. v. Scott & Jobalia Construction Co., Inc.,
 
 565 So.2d 1346 (Fla.1990), and
 
 Sherrill v. Corbett Cranes Services, Inc.,
 
 656 So.2d 181 (Fla. 5th DCA 1995). Those are the theories discussed in the briefs. However, the second amended complaint intermingles concepts of products liability, negligence, malice, recklessness and intent into a document that is poorly pleaded and is not in compliance with the rules of procedure. In response to the second amended complaint, Carpentry and Crane asserted affirmative defenses based on negligence. Due to the lack of clarity in the second amended complaint, we cannot conclusively say that all factual issues are resolved and that Carpentry and Crane are entitled to judgment as a matter of law. On remand, the trial court would be well within its discretion to require Ms. Coral to file an amended pleading that would permit both the trial court and the defendants to determine what, if any, legal issue may be in factual dispute in this case.
 

 Second, there are materially disputed facts. It is unclear what connection Carpentry and Crane have with Mr. Coral. When Carpentry and Crane initially filed their answer, they were claiming that they were separate entities from Tractor. However, in their amended answers they claim they are interrelated companies. The record clearly indicates that Carpentry leased the crane from Altec; however, any connection between Mr. Coral and Carpentry remains at issue. Moreover, Crane’s relationship to both the crane and Mr. Coral remains a disputed fact. At the summary judgment hearing, counsel indicated that Crane had operational control of the crane and that Tractor was servicing the crane at Crane’s request; however, Mr. Garrard’s deposition testimony and the documents included in the record indicate that Carpentry leased the crane and took it to Tractor for servicing.
 

 One thing is clear, however. Ms. Coral introduced sufficient testimony from Mr. Garrard’s deposition to create factual issues regarding Carpentry and Crane’s claims that they were entitled to workers’ compensation immunity because they are interrelated with Tractor, they employed Mr. Coral, and Mr. Coral was under their direction. Therefore, there are genuinely disputed facts that must be resolved by the trial court before Carpentry and Crane are entitled to summary judgment under their affirmative defenses.
 

 Reversed and remanded for further proceedings.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.
 

 [1]
 

 . In the trial court proceedings, Carpentry and Crane argued that Mr. Coral waived or released his right to bring a tort action against them. They asserted that they were clients of First Financial and that the language in the waiver applied to any client or customer of First Financial for any accident for which Mr. Coral received worker’s compensation benefits. We note that on remand, the trial court should consider whether the waiver is enforceable to the extent that it is broader than the statutory workers’ compensation immunity.