VAN NORTWICK, J.
 

 Sunbelt Environmental, Inc. (Sunbelt), and Greenwich Insurance Company challenge a final summary judgment entered in favor of appellees, Gulf Coast Truck & Equipment Company, Inc. (Gulf Coast) and Wastequip Manufacturing Company, LLC (Wastequip), the defendants below. Gulf Coast and Wastequip cross-appeal. Because genuine issues of material fact remain, we reverse and remand for further proceedings consistent with this opinion. Our reversal of the final summary judgment renders moot the issues raised on cross-appeal.
 

 In the early morning of November 2, 2006, Clifford Smith was riding a bicycle
 
 *1198
 
 on State Road 281 in Escambia County. Since the road lacked a bicycle lane, Smith was riding in the lane of traffic alongside the white boundary line. His bicycle was not equipped with a light; and Smith wore neither a helmet nor reflective clothing. He was wearing headphones. As a result, he did not hear the garbage truck which came from behind and struck him causing horrific injury. Smith survived, and, along with his wife, brought suit against the owner of the garbage truck, appellant Sunbelt. That action was settled before trial. Sunbelt filed a third party complaint against appellees, Gulf Coast, the manufacturer of the truck, and Wastequip, the installer of the tarping device which was placed on the truck to prevent debris from disbursing from the bed. Sunbelt’s complaint against Gulf Coast and Wastequip raised five causes of action: (1) contribution based on negligence of Gulf Coast, (2) contribution based on negligence of Waste-quip (the successor to the original installer, Accurate Industries), (3) strict liability of Gulf Coast, (4) strict liability of Waste-quip (as successor to Accurate Industries), and (5) breach of implied warranty of merchantability by Wastequip (as successor to Accurate Industries). The gravamen of the complaint was that the tarp unit which was installed on the truck involved in the accident rendered the truck wider than both federal and state law allow. Sunbelt asserts that the arm which extended and retracted the tarp caused the width of the truck to be too wide and that this arm caught the clothing of the cyclist, thereby causing the accident.
 

 Following the receipt of responsive pleadings to Sunbelt’s complaint and after some discovery, Gulf Coast and Wastequip jointly moved for summary judgment. Among other things, they alleged that the negligent acts of Sunbelt’s driver violated sections 316.083 and 316.185, Florida Statutes (2006), by failing to pass at a safe distance of “not less than 3 feet” and in failing to decrease his speed as necessary in order to avoid colliding with Smith. They further alleged that these acts constituted “an unforeseeable, efficient, and intervening cause that was independent of, and not set in motion by, any alleged negligence” of Gulf Coast or Wastequip. They also asserted that Sunbelt failed to produce any record evidence that there was a defect in the vehicle; a flaw in the installation, design or manufacture of the vehicle or tarp arm; or a defect which caused or contributed to the accident. Further, they contend there is no record evidence that the tarp unit was in substantially the same condition at the time of the accident as it was at the time of delivery some six years earlier.
 

 Sunbelt opposed the motion for summary judgment, asserting that the tarping system, as installed, increased the overall width of the vehicle beyond the legal limit. Sunbelt argued that a piece of the cyclist’s clothing was found on a bolt of the tarp arm suggesting that it was indeed the arm which made contact with the cyclist. Sunbelt also moved for a partial summary judgment in its favor.
 

 Following a hearing, the trial court entered an order on the respective motions. The trial court made the following findings:
 

 Sunbelt Environmental, Inc. (Sunbelt) purchased a flatbed truck from Gulf Coast Truck and Equipment in the year 2000 for use as a trash receptacle retrieval device. As part of the purchase, a tarp system was installed by Waste-quip Manufacturing, in order to ensure that the refuse once picked up did not disburse onto the highway creating a possibly dangerous situation. The facts are undisputed that the flatbed truck, without the attached tarping unit, meas
 
 *1199
 
 ured a width of 96" and with the tarping unit attached measured a total width of 108" as the unit’s “side component” extended out 6" on each side for an added 12". Unfortunately, an accident occurred wherein the sides of the tarp unit hit a bicyclist and his arm was amputated. A settlement was approved between Sunbelt and the bicyclist and Sunbelt is now suing Gulf Coast Truck and Wastequip for subrogation [sic] alleging that the tarping unit was improperly placed on the flatbed when it was allowed to extend 6" from each side as opposed to 3" from each side. Gulf Coast and Waste-quip argue that the statutes are clear that a truck may have a width of 102" so that the additional 3" on each side did not make the truck illegal and therefore they should not be held liable for any damages.
 

 Gulf Coast Truck and Wastequip [further] argue that as the truck with the tarpaulin device did not exceed 108", they are not liable since the vehicle did not exceed the maximum that it could have been had the truck component been 102" instead of 96". The Court cannot accept this argument ... The vehicle in this case is over 102" long and as such needed a special permit, unless the Florida Department of Transportation (FDOT) specifically stated that the device used in this case being 6 inches from the sides of the truck was a “necessary safety device.” There is no evidence that a specific pronouncement was made other than an officer allegedly stating that the truck would have been in compliance, “had it been 108”, when he mistakenly felt that the truck was 114". The Court does not find that this statement alone meets the burden that the statute intended. However, this begs the question of who is responsible for determining the actual width of the truck inclusive of the tarpaulin device as the statutes are clear that the responsibility is on the owner and driver of the truck to ensure the legality of the vehicle.
 

 The trial court ruled that, because the owner of a vehicle is required to ensure that a vehicle comports with the law, neither Gulf Coast nor Wastequip could be held liable for any illegality as to the width of the truck. The trial court explained:
 

 It is undisputed that Sunbelt replaced the tarping unit in 2006 and at that time, the implied warranty was dissolved as Sunbelt did not use either Gulf Coast Truck or Wastequip to replace the parts, but instead used its own company for the work. At that time, Sunbelt assumed the risk associated with its own labor and coupled with Florida Statutes which specifically encumber the driver and owner as the parties necessary to ensure legality of the vehicles on the road, Gulf Coast Truck and Wastequip were no longer liable to Sunbelt and the onus was on Sunbelt to determine the legality of the vehicle. Therefore, no material issue of fact remains as to liabi-lilty [sic] and since Sunbelt, alone, is responsible for the width of the tarping device after 2006, the Third Party Defendants Motion for Summary Judgment is hereby: GRANTED.
 

 As is oft-repeated, a summary judgment should not be granted “unless the facts are so crystallized that nothing remains except questions of law.”
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985);
 
 see also Cox v. CSX Intermodal, Inc.,
 
 732 So.2d 1092, 1095-96 (Fla. 1st DCA 1999). The Second District has stated the burden thusly:
 

 If the record reflects the existence of any genuine issue of material fact, or the possibility of an issue,
 
 or if the record raises even the slightest doubt that an
 
 
 *1200
 

 issue might exist, summary judgment is improper.
 

 Christian v. Overstreet Paving Co.,
 
 679 So.2d 839, 840 (Fla. 2d DCA 1996) (citing
 
 Gomes v. Stevens,
 
 548 So.2d 1163, 1164 (Fla. 2d DCA 1989))(emphasis added);
 
 see also Coral v. Garrard Crane Serv., Inc.,
 
 62 So.3d 1270 (Fla. 2d DCA 2011).
 

 Importantly, the issue of proximate cause is a question of fact left for the finder of fact.
 
 McCain v. Florida Power Corp.,
 
 593 So.2d 500, 504 (Fla.1992). As such, as a general rule proximate cause is not appropriately resolved at the summary judgment. Here, the liability of Gulf Coast and/or Wastequip on all counts is bound with the questions of whether (i) the length of the tarp arm in and of itself was the proximate cause of the cyclist’s injury, and (ii) the driving of the truck operator coupled with the particular conditions of the road, the cyclist’s clothing, time of day, and other conditions were the combined proximate cause of the injury. Whether the width of the truck exceeded federal or state standards is not determinative until the proximate cause of injury is found by the trier of fact.
 

 In any event, the trial court did not actually find that the truck was illegally wide. The trial court did note that section 316.515, Florida Statutes, provides that the “total outside width of any vehicle or the load thereon may not exceed 102 inches,
 
 exclusive of safety devices determined by the department [of Transportation] to be necessary
 
 for the safe and efficient operation of motor vehicles.” (Italics added). The trial court rejected the measurement of the overall width of the truck offered by a law enforcement officer, but did not reject the implicit conclusion of the officer that the tarp unit was a necessary safety device. In fact, the trial court itself seemed to deem the tarp unit as a safety device when it found that the “tarp system was installed by Wastequip Manufacturing, in order to ensure that the refuse once picked up did not disburse onto the highway creating a possibly dangerous situation.” However, besides the opinion of the investigating law enforcement officer which the trial court deemed insufficient, as noted in that part of the order quoted above, the record is devoid of any evidence as to whether the Florida Department of Transportation has determined that a tarp unit such as the one at issue here was an approved safety device under section 316.515. Whether the tarping unit is a safety device for purposes of section 316.515 is a issue of material fact which must be resolved before it can be concluded that the truck was illegally wide at the time of accident. Of course, if the Department of Transportation has made such a determination, the tarp unit would be excluded from the measurement of the width of the truck. The conclusion that Sunbelt, as owner and driver, is solely responsible for “ensuring] the legality of the vehicle” does not establish the liability of Sunbelt without concurrent determinations that the truck was illegally wide and that the illegal width was the proximate cause of the cyclist’s injuries.
 

 Further, an issue of fact remains as to whether the tarping unit was substantially altered by Sunbelt so as to absolve Gulf Coast and Wastequip of any liability in the manner suggested by the trial court. We note that it was the opinion of an accident reconstruction expert, whose interrogatories appear in the record, that the cyclist came into contact with a bolt on the frame of the tarp unit, and not with an arm of the unit. According to this expert, the width of the frame at the time of the accident would have been the same as the width at time of installation. Thus, a question of fact remains as to the degree of alteration, and such a factual dispute is material to
 
 *1201
 
 the question of the proximate cause of the cyclist’s injuries.
 

 As indicated, the trial court held as a matter of law that Gulf Coast and Waste-quip could not be liable because Sunbelt alone is responsible for the width of the truck. We do not read the statute as establishing, as a matter of law, sole liability in tort upon an owner of a truck for injury caused by operation of the truck which exceeds legal width allowances. Section 316.500, Florida Statutes, provides only that it is a violation of law for “any person to drive or move, or for the owner to cause or knowingly permit to be driven or moved, ... vehicle ... exceeding the limitations” of chapter 316, Florida Statutes.
 

 REVERSED AND REMANDED.
 

 DAVIS and CLARK, JJ., concur.