DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

INTERNATIONAL CONSTRUCTION CONSULTANTS, INC., a Florida
corporation; and DAVID E. McCULLA, individually,

Appellants,

v.

JOEL W. MATCH,

Appellee.

No. 2D2023-2081

—————————————————

March 28, 2025

Appeal from the Circuit Court for Manatee County; Edward Nicholas,
Judge.

Louis Thaler of Louis Thaler, P.A., Miami, for Appellants.

Caroleen B. Brej of Bentley Goodrich Kison P.A., Sarasota, for Appellee.

KELLY, Judge.

Appellants International Construction Consultants, Inc. (ICC), and
David E. McCulla, president of ICC, challenge the final summary
judgment rendered in favor of appellee Joel W. Match.  Because disputed
issues of fact remain, we reverse and remand for further proceedings.

The appellants alleged in their complaint that Match breached the
parties' contract by failing to pay ICC for consulting services rendered

during the construction of a high-end home. Match moved for summary judgment, alleging that the appellants were not entitled to enforce the contract because McCulla was not a licensed contractor, citing section 489.128(1), Florida Statutes (2015) ("As a matter of public policy, contracts entered into . . . by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor."). The appellants argue on appeal that the trial court erred in resolving the case by summary judgment because disputed issues of fact remained as to the role McCulla played in the construction of the home. They point to evidence showing that McCulla acted only as a consultant on the project and that Giovanni Giannini of Sound Building Contractors was the contractor in charge of construction.

The standard of review for an order granting a motion for summary judgment is de novo. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment was rendered in this case on February 7, 2020, before the amendments to Florida Rule of Civil Procedure 1.510 became effective;[1] therefore, the former summary judgment standard applies here. Under this standard, "[s]ummary judgment is appropriate where (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, and (2) the moving party is entitled to a judgment as a matter of law." *White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1070 (Fla. 2d DCA 2020) (citations omitted). "If the record reflects the existence of any genuine issue of

---

[1] The amendments to Florida Rule of Civil Procedure 1.510 became effective on May 1, 2021. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510* (*In re Amends. I*), 309 So. 3d 192, 192 (Fla. 2020); *In re Amends. to Fla. Rule of Civ. Proc. 1.510* (*In re Amends. II*), 317 So. 3d 72, 74 (Fla. 2021) (adopting the federal summary judgment standard).

2

material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." *Id.* (quoting *Holland v. Verheul,* 583 So. 2d 788, 789 (Fla. 2d DCA 1991)).

Here the trial court made its determination that McCulla acted as a contractor largely based on the language of the contract between the parties. The court stated that the contract was "inartfully drafted" and "vague" because it failed to make McCulla's supervisory position clear. The court did not find that McCulla intentionally misrepresented in the contract that he was a licensed contractor. The court concluded, "I'm going to grant the motion for summary judgment finding that at least based upon my review of the agreement here and my minimal familiarity with the facts that [chapter] 489 was not complied with as required, and the motion is well-taken."

In *Cannon v. Fournier*, 57 So. 3d 875, 876 (Fla. 2d DCA 2011), the issue was whether Fournier, who was hired as a "consultant" on a construction project, was responsible for safety on the job to the extent that he could be held liable for injury to a worker on the job. The trial court granted summary judgment in favor of Fournier, finding that even though his involvement in the construction was "hands-on," Fournier did not individually owe the plaintiff a duty of care and dismissed him from the action. *Id.* at 880-81. On appeal, the plaintiffs contended that the trial court erred in granting summary judgment because evidence showed that Fournier performed tasks that would normally be assumed by a general contractor, rather than just a consultant; therefore, he had a duty to provide a safe construction work site. *Id.* at 882. Fournier responded that he contracted only to provide consulting services and never assumed the duties of a general contractor on the project. *Id.*

3

This court noted that the proposal for consulting was vague and looked beyond the agreement to evidence showing the extent of supervision and control the consultant had over the jobsite. *Id.* at 882-83. Upon a review of the record, this court reversed the summary judgment order, holding that the evidence before the circuit court created issues of material fact that precluded the entry of summary judgment. *Id.* at 883-84.

In this case, the depositions, documents, and affidavits in the record conflict as to whether McCulla simply provided consulting services or acted as the general contractor for the project. Because the record reflects the possibility of a genuine issue of material fact, the case was improperly resolved by summary judgment. Accordingly, we reverse the final summary judgment in favor of Match and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.