HALL, W. TROY, Jr., Associate Judge.
Appellants, defendants below, seek the reversal of a summary final decree in a ■chattel mortgage foreclosure suit. After plaintiff filed his amended complaint for foreclosure and before answer, plaintiff moved for a summary decree, supported by affidavits. One of the defendants had been deposed and his deposition is in the record. The hearing on plaintiff’s motion for summary decree was held on May 2, 1960, and ■at said hearing defendants filed their affidavit in opposition, setting forth novation. The motion was denied. Defendants •then answered, alleging novation and contending that since a novation had been agreed to there was no valid note or mortgage in existence. Plaintiff’s renewed motion for summary decree, supported by affidavit, was subsequently granted and final ■decree of foreclosure rendered thereon. The point for determination on this appeal involves the propriety of this summary ■decree in view of the plea of novation raised an the answer. The question presented is: Whether the allegation of novation in the answer created a material issue of fact so as to preclude entry of summary judgment.
If this question is answered affirmatively, then the question of whether or not the affidavit in opposition to appellee’s first motion for summary decree was timely filed, becomes moot.
At the outset it may be stated as well settled that a summary decree is proper where it appears that there is no genuine issue as to any material fact, and that, as a matter of law, the moving party is entitled thereto. See Rule 1.36(c), F.R.C.P., 30 F.S.A. The converse is equally well established in Florida.
As noted above, plaintiff-appellee first moved for summary decree prior to the filing of defendants’ answer. After answer, the motion was renewed. Rule 1.36(a), provides that a claimant may move for summary judgment or decree in his favor any time after the expiration of twenty days from the commencement of the action. Although the motion was not granted until after answer, the case of Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497, holds that a trial court should not grant a motion for summary decree filed before the defendant has answered, unless it is clear that an issue of material fact cannot be presented.
It is apparent from the briefs of both parties that defendant-appellants’ affidavit in opposition to summary decree was not filed until the date set for the first hearing on the motion. The motion was denied and the defendants answered. Said affidavit and defendants’ answer, however, both set up novation.
There is no mention in either brief of appellants filing an affidavit in opposition to appellee’s renewed motion for summary decree. Nevertheless, the chancellor had before him the amended complaint, answer, and deposition of one of the defendants, in *705 addition to, if it was considered, the affidavit filed earlier by defendants in opposition to plaintiff’s first motion for summary decree.
Appellee argues that the chancellor ruled on the theory of novation as a matter of law adversely to the appellants. He then argues the merits on the plea of novation and says that there was no novation here. Appellee thus attacks on this appeal the genuineness of the issue of novation. As was said in Messina v. Baldi, Fla.App. 1960, 120 So.2d 819, the purpose of a summary proceeding is not to resolve conflicting issues of fact, but to ascertain and determine whether or not genuine issues of material fact exist. If such facts are shown to exist, the motion should be denied. Hence, in the instant case, in ruling on the renewed motion for summary decree, the chancellor apparently decided that no genuine issues of fact existed.
In 30 Fla.Jur., Summary Judgment, § 11, the following is stated at p. 350:
“In order to defeat a motion for summary judgment and force a trial of the case, the party opposing the motion must show a genuine issue. The trial court is permitted, with the evidence before it, to pierce the shield of the pleadings in search of a proper issue. It may inquire into the qualitative substance of any pleading, whether filed in good or bad faith. * * * ”
For a good discussion of this question see Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404, an opinion written by Judge Kanner of this court.
The question remains of whether the answer of the defendant-appellants raised a genuine issue of fact on the issue of novation. The determination of this question is controlled by the pronouncement of the Florida Supreme Court in Chereton v. Armstrong Rubber Co., Fla.1956, 87 So.2d 579, wherein it held:
“The defendant’s answer to plaintiff’s complaint raised an issue of fact that was not met by plaintiff’s affidavit in support of its motion for summary judgment. So, regardless of the insufficiency of defendant’s counter-affidavit, there remained a genuine issue of fact which should have been tried by a jury.”
In our review of the record on appeal we find that the decision of the trial court resolved a factual controversy by choosing an inference from the matters before the court in favor of the appellee’s motion for summary final decree, while inferences contrary to those selected could have reasonably been drawn.
Under these circumstances we find that disposition of this suit by summary decree was not proper.
The summary final decree is therefore reversed and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
Reversed.
KANNER, J., concurs.
ALLEN, Acting C. J., concurs specially.