McNULTY, Judge.
Summary judgment was entered upon an account stated in favor of appellee-hotel and against the estate of John Reid Topping. The sole evidence upon which said summary judgment was entered were answers to interrogatories propounded to ap-pellee by appellant and an affidavit of ap-pellee’s attorney in New York in which he states that he is familiar with the books and records of appellee, that said records reflect an account with appellant’s decedent, and that he, the affiant, understands there was an agreement between appellee’s agents or employees and the decedent that the latter owed such account.
As to the affidavit, it clearly appears that it is pure hearsay. The affiant is not the agent or employee of appellee with personal knowledge of the facts nor is he the person in whose charge, custody and control appellee’s business records are entrusted within the contemplation of the “shop book” rule. As noted, he is merely appel-lee’s attorney seeking collection of the alleged debt. Moreover, it appears that he is not the agent or employee of appellee with whom appellant’s decedent had any agreement or understanding. As such hearsay evidence it is incompetent to support a summary judgment in the light of Rule 1.-510(e), R.C.P., 31 F.S.A., which provides as follows:
“Supporting and opposing affidavits shall he made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . ” . (Italics supplied.)
Concerning the answers to the interrogatories, they contribute nothing in the way of evidence otherwise supporting the judgment in favor of appellee. First of all, the interrogatories were propounded following receipt of the aforesaid affidavit of appel-lee’s attorney. They relate to the identity of the affiant, his position with appellee and the hearsay matters testified to by such affiant. Finally, and compounding error, the answers to such interrogatories were again sworn to only by the aforesaid attorney and not by other appropriate agents or employees of appellee with knowledge of the facts. In sum, the answers to the interrogatories merely affirmatively establish the hearsay nature of the affidavit referred to above and they relate to no other matters or establish no other facts upon which summary judgment might otherwise be predicated.
Accordingly, summary judgment entered herein is reversed and the cause is remanded for further proceedings consistent with *390 the controlling provisions of Rule 1.510, R.C.P., or, in the alternative, for the entry of an order denying summary judgment.
Reversed.
PIERCE, C. J., and HOBSON, J., concur.