596 So.2d 1225 (1992)
Henry George ZODA, a/k/a Henry G. Zoda, Hank G. Zoda; John Boswell, Inc., R.A. Harrell Distributors, Inc., St. Luke's Cataract and Intraocular Lens Institute, Larry Goldstein; Consolidated Foods Corporation, Division of Monarch Institutional, Appellants,
v.
Sharon HEDDEN, a/k/a Sharon Louis Zoda, a/k/a Sharon Louis Hedden, a/k/a Sharon Louis (Zoda) Peters, a/k/a Sharon Zoda Peters and R. Donald Peters, Appellees.
No. 91-02410.
District Court of Appeal of Florida, Second District.
April 10, 1992.
*1226 Henry George Zoda, pro se.
Sharon Lois Peters and R. Donald Peters, pro se.
THREADGILL, Judge.
Henry Zoda challenges the entry of summary judgment in favor of his ex-wife, Sharon Zoda Peters, and her present husband, R. Donald Peters. The summary judgment was entered on the Peters' complaint to quiet title in certain parcels of land which had been the subjects of a property settlement agreement entered into at the time of the Zodas' divorce. We find that there was insufficient evidence to support the summary judgments and reverse.
In support of their motion for summary judgment, the Peters relied upon the affidavits of Sharon Zoda Peters, R. Donald Peters, and the Peters' trial counsel, Walter E. Smith. Mr. Smith's affidavit purported to establish the alienation of a parcel of land which alienation, under the terms of the settlement agreement, would operate to vest the wife's remainder interest in the parcels involved in this action. As such, the statements contained in Mr. Smith's affidavit were essential in resolving the factual issues created by the pleadings. In his affidavit, Mr. Smith stated that he had "examined the Public Records of Pinellas County, Florida and has personal knowledge of the facts set forth herein." The affidavit then recounted certain property transactions reflected in settlements, deeds, and judgments contained in the public records of Pinellas County. The affidavit also set forth conclusions of law.
Florida Rule of Civil Procedure 1.510(e) provides in pertinent part that
[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Mr. Smith did not state the facts upon which his personal knowledge of the transactions was based except for his review of the public records. Also, there were no certified copies of the public records attached to Mr. Smith's affidavit. Authentication of evidence is a condition precedent to its admissibility. § 90,901, Fla. Stat. (1989). Since Mr. Smith is not a custodian of the public records, he is unable to authenticate the documents referred to in his affidavit. Therefore, Mr. Smith is not competent to testify to the matters contained in his affidavit as is required by rule 1.510(e). Moreover, since no copies of the public records were presented to satisfy the hearsay exceptions of sections 90.803(8) and (14), Florida Statutes (1989), his affidavit was based upon hearsay and was incompetent to support summary judgment. See Topping v. Hotel George V, 268 So.2d 388 (Fla. 2d DCA 1972) (attorney's affidavit that he was familiar with his client's records and that the records reflected certain information constituted hearsay and could not support summary judgment); see also Crosby v. Paxson Elec. Co., 534 So.2d 787 (Fla. 1st DCA 1988); Thompson v. Citizens Nat. Bank of Leesburg, Florida, 433 So.2d 32 (Fla. 5th DCA 1983). Furthermore, the conclusions of law stated in the affidavit did not satisfy the Peters' burden. See Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039, 1041 (Fla. 3d DCA 1981). Since the Peters failed to establish the nonexistence of material issues by competent evidence, Mr. Zoda was not required to come forward with evidence in opposition to the motion for summary judgment. Greer v. Workman, 203 So.2d 665, 667 (Fla. 4th DCA 1967).
We have examined Mr. Zoda's other arguments on appeal and find them to be without merit.
We therefore reverse the final summary judgment quieting title without prejudice to renew the motion upon the presentation to the trial court of competent evidence in support thereof.
Reversed and remanded.
FRANK, A.C.J., and HALL, J., concur.