660 So.2d 757 (1995)
CSX TRANSPORTATION, INC., Appellant,
v.
PASCO COUNTY, R.E. Purcell Construction, Inc., and Donald E. Murphy, Appellees.
No. 94-00822.
District Court of Appeal of Florida, Second District.
August 23, 1995.
Edward M. Rooks, of Melkus & Fleming, Tampa, and Stephen H. Shook, Jacksonville, for appellant.
*758 Peter Wansboro, Assistant County Attorney, New Port Richey, for appellee Pasco County.
No appearance for appellees Purcell Construction and Murphy.
QUINCE, Judge.
CSX Transportation, Inc. (CSX) appeals from the entry of a summary judgment in favor of Pasco County (the County), the sole appellee who was still a defendant. We reverse because there are material issues of fact in dispute, making summary judgment inappropriate.
Beginning in February 1991, Pasco County was in the process of constructing a road known as the Zephyrhills ByPass (the By-Pass). The County entered into a contract with CSX for an easement across the right-of-way and tracks owned and maintained by CSX for a highway crossing. The contract provided that the County would require its contractors to purchase and maintain throughout the crossing construction railroad protection liability insurance and commercial liability insurance with CSX listed as an insured. These policies were not procured prior to the incident giving rise to this litigation.
When Purcell, the County's contractor, began construction, the County closed off access to the ByPass from State Road 54 by placing barricades at the intersection of the two roads. Later the barricades were moved further down the ByPass toward the tracks near the parachute center. Purcell, at the direction of the County, required a subcontractor to remove all trees and shrubs as a part of general clearing of the area around the end of the roadway and CSX's tracks. A two-foot trench, located six feet from the rails on each side of the tracks, was dug along both sides of the tracks.
On February 19, 1991, Donald Murphy was operating a motor vehicle on the ByPass. He struck the railroad tracks, causing substantial damage which led to a train derailment. Mr. Murphy indicated when he turned off State Road 54 onto the ByPass there were no barricades or other obstructions to the entrance of the road. There was striping on the road which led him to believe it was a normal, open road. As he travelled further on the ByPass, he still did not encounter any warnings, barricades or other indications that the road was under construction. He operated his vehicle to a point just prior to the railroad tracks where the paved portion of the ByPass ended. He struck the tracks and landed on the opposite side of the tracks.
Although Mr. Murphy indicated he did not encounter any barricades on the ByPass, the project superintendent indicated at 5:00 p.m. on February 18, 1991, there were end-to-end barricades across that road near the parachute center. He also stated splintered barricades were found on the side of the road on the morning of February 19, 1991. However, no barricade fragments were found on Mr. Murphy's car, and no paint markings from his car were found on the splintered barricades.
CSX initiated an action against the County, R.E. Purcell Construction, Inc. and Donald Murphy to recover for losses sustained in the derailment. The amended complaint against the County alleged breach of contract, negligence and trespass. In granting the County a final summary judgment on all counts, the trial court found, inter alia, that the County was not engaged in constructing the crossing at the time of the accident, that the County had not waived sovereign immunity, and that the trespass alleged did not contribute to the injury or damages. We reverse because the trial court in reaching these conclusions resolved factual issues which are not appropriate on a motion for summary judgment.
The purpose of a motion for summary judgment is to determine whether any genuine issues of material fact exist for resolution by the trier of fact. A. & G. Aircraft Service, Inc. v. Drake, 143 So.2d 703 (Fla. 2d DCA 1962). The initial burden is on the movant to demonstrate the nonexistence of any material fact. If genuine issues of fact exist, these issues may not be resolved in the summary proceeding. Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976).
*759 In the instant case, CSX argues there is a genuine issue concerning whether the County had begun construction of the railroad crossing when this incident occurred. This factual issue is material to the resolution of all counts of the amended complaint, particularly breach of contract since the insurance was to be obtained and maintained during construction of the railroad crossing. CSX presented evidence that there had been a general clearing of the area around the railroad tracks, including the removal of trees and shrubs. There was a trench dug along both sides of the track. From State Road 54, the ByPass was paved to approximately 72 feet from the railroad tracks. From the point where the pavement ended, man-made hardpan construction dirt was laid up to a few feet from the tracks.
The County, on the other hand, attempted to demonstrate via affidavits that construction on the railroad crossing had not begun. The affidavit of Hank Baldwin, an engineer for the County, stated he was generally familiar with the project known as Zephyrhills ByPass East Phase I. He further stated that as of February 19, 1991, the project had not reached the point of construction on the railroad crossing. Glenn Morris, the project manager for the ByPass, stated in his affidavit that based on his examination of inspection reports, work had not begun on the railroad crossing before April 15, 1991.
CSX argues Baldwin's affidavit does not comply with the requirements of Florida Rule of Civil Procedure 1.510(e), which requires that an affidavit be made on personal knowledge of the affiant and affirmatively show the affiant is competent to testify to the matters in the affidavit. We agree. Baldwin merely recites a general familiarity with the ByPass project, but gives no basis for his ultimate conclusion that construction on the railroad crossing had not begun by February 19, 1991. Morris' affidavit suffers from the same and an additional defect. Morris does not say his conclusion that construction on the crossing had not begun is based on personal knowledge. He indicates it is based on examination of reports that are not attached to the affidavit. Thus, the affidavit is based on hearsay and is not sufficient to support summary judgment. Zoda v. Hedden, 596 So.2d 1225 (Fla. 2d DCA 1992); Crosby v. Paxson Elec. Co., 534 So.2d 787 (Fla. 1st DCA 1988); Topping v. Hotel George V, 268 So.2d 388 (Fla. 2d DCA 1972).
The County has, therefore, failed to establish by competent evidence that there is no genuine issue of whether construction on the railroad crossing had begun.[1]
There also exists a factual issue of whether the County created a known dangerous condition which was not readily apparent to persons who could be injured. This factual question is material to the issue of whether the County has waived sovereign immunity. See City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Haspil v. State Dep't of Transp., 374 So.2d 633 (Fla. 3d DCA 1979). There was conflicting evidence of whether there were barricades and/or other warnings posted on the ByPass. This conflict should be resolved by the trier of fact.
Lastly, factual matters are in dispute on the issues of proximate cause and foreseeability. CSX argues there exists a genuine issue of fact concerning whether the trespass by the County, through its agents and employees, in removing the trees and shrubs, generally clearing the area around the tracks, and placing construction hardpan dirt in the area leading up to the tracks, was a proximate cause of the damages suffered by CSX. The County counters that the impaired driver's action was an intervening, unforeseeable cause of the injury to CSX. The issues of proximate cause, and foreseeability as it relates to proximate cause, are generally not appropriate for determination by summary judgment. McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992); Leib v. City of Tampa, 326 So.2d 52 (Fla. 2d DCA 1976). These are factual issues which must be resolved by the trier of fact. Summary judgment should not have been granted since these are genuine issues in dispute.
*760 Based on the foregoing, we reverse the final summary judgment entered in this cause and remand to the trial court for further proceedings consistent with this opinion.
FRANK, A.C.J., and PARKER, J., concur.
NOTES
[1] Even if the information contained in the affidavits is considered competent evidence, the evidence offered by CSX concerning the construction activity near the tracks is sufficient to raise a jury question, and that question should not be resolved on a motion for summary judgment.