QUINCE, Judge.
Appellant, James Wakefield (Wakefield), challenges a summary judgment entered in favor of Winter Haven Management, Inc. and Winter Haven Associates, doing business as the Cypress Gardens Holiday Inn (Holiday Inn), and the McKowns in an action for breach of duty to provide security. We reverse the summary judgment as to Winter Haven Management, Inc. and Winter Haven Associates only, because there is a material issue of fact in dispute which precludes summary judgment as to them.
Wakefield attended the Cypress Gardens National Corvette Show in Winter Haven, Florida, and checked into a Holiday Inn there. The desk clerk told Wakefield that the motel had hired two security guards for the event. At the show Wakefield traded his Corvette for another valued between $30,000 and $50,000. When he returned to the motel with the newly purchased car, it was raining heavily and he parked in a white lined parking space twenty feet from his motel room door. During the evening the locked car was stolen and never recovered.
It was later determined that the spaces close to Wakefield’s motel room door were on property owned by the McKown family. When a car is parked facing forward in the space used by Wakefield, the distance from the car to the motel is seven feet. The spaces are also close to the motel’s bar, and guests as well as delivery persons routinely park there. A desk clerk at the Holiday Inn, David Henderson, testified that the parking lot in question belonged to the gas station. He knew that motel guests parked there, and the guests were never told not to park in that area. Henderson further stated when the Holiday Inn is fully booked, people park wherever they can. The motel was fully booked for the Corvette Show.
Holiday Inn moved for summary judgment based on its assertion that no duty was owed to guests such as Wakefield who parked on property not owned by the motel. The McKowns acknowledged the property where these spaces are located is owned by them, but they also stated neither the motel nor its guests were given permission to use their property in this manner. However, Wake-field answered these allegations by indicating that motel guests believed they could park in the disputed spaces and in fact used the spaces, that motel personnel never told the guests not to park in those spaces, and that the motel may have painted the white lines which outlined the spaces. The trial court granted summary judgment to Holiday Inn and the McKowns finding the Holiday Inn did not owe a duty to protect Wakefield’s car because he parked off the Holiday Inn premises and the McKowns had not given Holiday Inn nor its guests permission to park on their property.
We affirm the judgment as to the McKowns but reverse as to the Holiday Inn because there is a genuine issue of material fact concerning whether these parking spaces were routinely used by Holiday Inn guests. The purpose of a motion for summary judgment is to determine whether any genuine issues of material fact exist for resolution by the trier of fact. A. & G. Aircraft Service, Inc. v. Drake, 143 So.2d 703 (Fla. 2d DCA 1962). The initial burden is on the movant to demonstrate the nonexistence of any material fact. If genuine issues of fact exist, these issues may not be resolved in a *1350 summary judgment proceeding'. Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976).
In this instance the fact is undisputed that the property where the parking space is located is owned by the McKowns, not by Holiday Inn. However, there is some evidence that the Holiday Inn was aware that its guests used the spaces on the McKowns’ property. The desk clei'k at the motel stated he knew guests used the adjacent lot, and to his knowledge, no one had been told that the lot was not on Holiday Inn property. Thus, there exists the factual issue of whether the Holiday Inn knew that the parking spaces were routinely used by its guests. If so, a jury could conclude that the Holiday Inn was using the adjacent parking lot for its own business purposes. See Johnson v. Howard Mark Productions, Inc., 608 So.2d 937 (Fla. 2d DCA 1992); Holiday Inns Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991).
In ruling that the Holiday Inn owed no duty of security on this unowned parking-space, the trial court relies heavily on the fact that Wakefield parked in the space at a time when other spaces may have been available. Whether another space was available is not dispositive of the issue. If the motel had reason to know that its patrons routinely parked on the McKowns’ property, it should have taken steps to make the patrons aware that the lot was not motel property. This is especially true considering the close proximity of the spaces to both the motel rooms and motel restaurant. Holiday Inn’s liability or lack thereof should not hinge on the fortuitous circumstance of when or if the spaces on Holiday Inn property are full.
Since there is a genuine issue of fact that should be resolved by the trier of fact, the trial court erred in granting the motion for summary judgment as to Winter Haven Management, Inc. and Winter Haven Associates.
Affirmed in part and reversed in part.
BLUE, A.C.J., and WHATLEY, J., concur.