PARKER, Chief Judge.
Metal Foam Industries, Inc. (MFI), appeals the partial final summary judgment that the trial court granted on Count I of its counterclaim to foreclose a construction lien against William and Theda Watson. Although both issues raised on appeal merit reversal,[1] this opinion will address only the error in granting the motion for summary judgment.
This dispute arose when Structural Concepts International, Inc., who is not a party in this case, agreed to provide steel panels and miscellaneous components manufactured by MFI for the construction of a residence. The Watsons filed a complaint against MFI requesting relief pursuant to section 713.21(4), Florida Statutes (1995), through a request for a summons to MFI to show cause why its lien on the Watsons’ residential prop *329 erty should not have been vacated and canceled.[2]
In response, MFI filed its answer, affirmative defenses, counterclaim, and third-party complaint which sought relief not only against the Watsons, but also joined third-party defendant David Watson, the Watsons’ son. MFI alleged that it was a party to an oral contract with the Watsons and David Watson. Additionally, MFI sought to recover not only upon its contract, but also upon its claim of lien.
The Watsons moved for a partial summary judgment of MFI’s counterclaim to foreclose the construction hen. MFI filed its response to the motion for summary judgment with two affidavits in opposition to the motion for partial summary judgment.
The affidavits filed by MFI in opposition to the Watsons’ motion state that David Watson told MFI that the lot, unto which the MFI materials were to be installed, belonged to him and that he was building a home for his parents. MFI’s position is that under these circumstances it was not required to provide the Watsons with any notice to owner of its hen, pursuant to section 713.06(2), Florida Statutes (1995), because section 713.05, Florida Statutes (1995), provides that a lienor is not required to serve a notice to owner if the henor is in privity with the owner.
The Watsons filed an affidavit in support of their motion for partial summary judgment stating that they “never received a Notice to Owner from the Defendant. A Notice of Commencement was recorded and no party designated to receive the Notice to Owner received it.” Thereafter, the trial court granted the motion for partial final summary judgment based on the fact that “a Notice of Commencement was recorded and no party designated to receive the Notice to Owner was notified.”
We are compehed to reverse this case because there is no Notice of Commencement in the record, even though the court relied upon it in granting the motion for partial final summary judgment. See Zoda v. Hedden, 596 So.2d 1225, 1226 (Fla. 2d DCA 1992) (unauthenticated documents referred to in affidavit without being attached constitutes incompetent hearsay and does not support summary judgment). The Notice of Commencement is important in determining whether David Watson was listed as an owner or owner’s agent that could be served notice. This goes to the issue of privity. If MFI was in privity with the Watsons, then it was not required to serve notice on the owner. See Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 282 (Fla.1992) (privity can be established where, “for all practical purposes, a common identity exists between the owner and the contractor”).
The record in this case also raises questions regarding a possible oral contract between the parties, the knowledge of the Wat-sons, and the ownership of the property at the time when the contract to supply the steel was entered. Therefore, the record does not support the trial court’s conclusion that there are no genuine issues of material fact. See Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). We conclude that the trial court erred by granting the Watsons’ motion for partial final summary judgment on Count I of MFI’s counterclaim to foreclose the construction lien. Accordingly, we reverse and remand for further proceedings in the trial court.
Reversed and remanded.
THREADGILL and PATTERSON, JJ., concur.

. The other issue on appeal was the denial of MFI's motion for continuance.

. In addition, Count II of the complaint sought money damages for filing a fraudulent claim of lien, and Count III sought damages for slander and disparagement of title.