WHATLEY, Judge.
Toni T. Behr appeals the final summary judgment entered in her action against Edward D. Foreman, individually, and Edward D. Foreman, P.A., for legal malpractice and breach of .fiduciary duty. We agree with Behr that genuine issues of material fact remain and precluded the finding that Foreman’s actions were not the proximate cause of Behr’s loss.
Behr engaged the services of attorney Foreman in connection with the possible dissolution of her marriage to Charles Behr. At the time Foreman was retained, the Behrs’ principal marital asset was an investment account at a brokerage house valued in excess of $4,000,000. Even though this account was a marital asset, Charles Behr maintained exclusive control over it by establishing it in the form of a trust with him as the sole trustee.
In her complaint, Behr contended, inter alia, that during the more than fifteen months after he was retained to represent her, Foreman breached the standard of care for attorneys by not protecting her interest in this marital asset. As a result, Behr alleged, she lost her interest in the asset when Charles Behr lost the entirety of the money in the brokerage account, in addition to a margin debt of over $2,000,000.
In entering final summary judgment, the trial court ruled that Behr herself had asserted in a complaint she filed against Foreman with The Florida Bar that the losses were due to the actions of a rogue broker. Because this broker had prudently managed the account in the past, the court stated, his actions were not reasonably foreseeable but were a superseding, intervening cause of the losses in the account. Consequently, the court concluded, Foreman’s actions or inactions did not as a matter of law proximately cause the losses suffered by Behr.
*224 In this appeal, Behr asserts that her statement in the Bar complaint was merely a relaying of information that her husband had provided in explaining the losses to the account; it was not an assertion that she herself believed a rogue broker’s actions caused the losses she suffered. Thus, this is a genuine issue of material fact that must be determined by the trier of fact.
“The issues of proximate cause, and foreseeability as it relates to proximate cause, are generally not appropriate for determination by summary judgment. These are factual issues which must be resolved by the trier of fact.” CSX Transp., Inc. v. Pasco County, 660 So.2d 757, 759 (Fla. 2d DCA 1995). This is particularly true under the circumstances of this case because Foreman filed his motion for summary judgment before he filed an answer. Although this procedure is acceptable, Fla. R. Civ. P. 1.510, it makes the movant’s burden “an especially heavy one” because the pleadings are not closed. Lakes of the Meadow Vill. Homes Condo. Nos. One, Two, Three, Four, Five, Six, Seven, Eight, & Nine Maint. Ass’ns, Inc. v. Arvida/JMB Partners, L.P., 714 So.2d 1120,1122 (Fla. 3d DCA 1998).
We note that Foreman raised as another ground of his motion for summary judgment that Behr’s action is barred by the statute of limitations. The trial court made no ruling or comment on this ground in the final summary judgment. Trial courts may be right for the wrong reasons. See Combs v. State, 436 So.2d 93, 96 (Fla. 1983). The resolution of the issue of whether the statute of limitations has run in this case turns, however, on a determination of whether this case involves an allegation of litigation-related or transactional malpractice. See Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998); Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990).
Accordingly, we reverse the final summary judgment and remand for proceedings consistent with this opinion.
PARKER and DAVIS, JJ., concur.