NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DANIEL WESNER, d/b/a FISH TALES, )
)
Appellant, )
)
v. ) Case No. 2D16-4646
)
JMS MARINAS, LLC, d/b/a MAXIMO )
HARBORAGE MARINA, a Delaware )
limited liability company, )
)
Appellee. )
_____)

Opinion filed August 25, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Thomas H. Minkoff, Judge.

Kathleen Sweeney Ford, of Ford & Ford,
P.A., St. Petersburg, for Appellant.

Samuel J. Heller, of Heller Goldberg, P.A.,
St. Petersburg, for Appellee.


SILBERMAN, Judge.

Daniel Wesner, d/b/a Fish Tales ("Wesner"), seeks review of the partial

summary judgment awarding JMS Marinas, LLC, d/b/a Maximo Harborage Marina

("JMS"), possession of the leased premises that are the subject of this action for

eviction and related damages. We conclude that the trial court erred in granting

summary judgment because there is a genuine issue of material fact regarding JMS's standing to seek possession of the leased premises. We therefore reverse and remand for further proceedings.

The underlying action arose from a dispute over the payment of percentage rents under a commercial lease agreement. The lease was executed by Wesner as tenant and Maximo Harborage Marina, LLC ("Maximo Harborage"), as landlord. The lease requires the tenant to pay the landlord a base rent or percentage of its gross annual revenues, whichever is greater. Wesner was current on the base rents, but Maximo Harborage asserted that since January 2008, Wesner failed to provide financial information necessary to calculate percentage rents.

Maximo Harborage filed its complaint and a motion to determine rents in July 2014. At that time, however, Maximo Harborage was not entitled to "maintain any action, suit, or proceeding in any court" in Florida because it had not complied with Florida's registration requirements. See § 865.09(9)(a), Fla. Stat. (2014). Maximo Harborage eventually acknowledged this deficiency and was granted leave to file an amended complaint substituting JMS as the plaintiff.

The lease defines the landlord as "the current owner or owners of the fee title to the Demised Premises or the leasehold estate under a ground lease of the Demised Premises at the time in question." It also provides that in the event the landlord transfers its title or interest in the property to a third party, the third party will be recognized as the landlord. Both the original and amended complaint contain allegations that the plaintiff is the landlord and owner of the real property that is the subject of the eviction action.

- 2 -

Since the inception of the action, Wesner has been asserting that he is unsure of the identity of the proper plaintiff. In his answer to the amended complaint, Wesner denied the material allegations. Wesner also challenged JMS's claim that it was the owner of the demised premises and raised the issue of the identity of the landlord or its agent. Additionally, Wesner challenged JMS's assertions that it had entered into a lease with Wesner and was entitled to maintain any action against Wesner. Wesner tried to assert that JMS was not his landlord at a March 25, 2015, pretrial hearing, but the court refused to allow the argument because it was not properly noticed. And Wesner again questioned JMS's standing to sue in opposing JMS's motion for partial summary judgment of possession.

Wesner also filed a supplemental response to JMS's motion to determine rents in which he asserted, among other things, that JMS was not the owner of the property in question. Wesner asserted that original landlord Maximo Harborage changed its name to Harborage Marina, LLC ("Harborage Marina"), and that Wesner paid rent to Harborage Marina from January 2008 to June 2009. In June 2009, Harborage Marina conveyed the real property including the demised premises to Harborage Land, LLC ("Harborage Land"). Since that time, Wesner has been paying rent to nonparty Harborage Land. Wesner also filed a certified copy of the warranty deed in the record.

At the June 16, 2015, hearing on JMS's motion to determine rents, Wesner asserted, "I was hoping that the plaintiffs would clarify who exactly was suing." The court responded, "That sounds to me like you're leading up to ground[s] we've

hashed over at previous hearings, [counsel]. I think it's pretty clear who's suing your client." The court prohibited Wesner from making any further standing arguments.

In an apparent response to Wesner's assertions, JMS elicited testimony from John Stanford Johnson, one of its owners, that JMS is the "successor landlord to the entity that originally signed the lease." During cross-examination, Wesner inquired into the basis for this assertion. Defense counsel showed Johnson a copy of the June 2009 warranty deed in which Harborage Marina (f/k/a Maximo Harborage) conveyed the real property to Harborage Land. Johnson testified that the warranty deed was executed when "we split the marina from the wet portion to—and the dry portion into two portions that are in turn held by Harborage Marina, LLC. So you've got Harborage Land, LLC. It split that off into a separate LLC." Counsel asked Johnson whether the warranty deed conveyed all the land owned by Harborage Marina, but the court interrupted and told counsel to focus on the amount of rents due.[1]

Wesner placed the standing issue squarely before the court by filing three affidavits challenging JMS's standing in response to the motion for partial summary judgment of possession. In the first affidavit, Wesner himself asserted that JMS is not and has never been his landlord. Wesner said that several years after he signed the lease, the marina managers told him that Maximo Harborage changed its name to Harborage Marina and directed him to pay the rent to Harborage Marina. Some years later, the managers told him that the property had been transferred to Harborage Land and directed him to pay the rent to Harborage Land. Wesner asserted that Harborage

---

[1]The trial court seemed to believe that the standing issue had been previously resolved, but it is evident from the record that the issue had not been fully addressed in earlier proceedings.

Land was his current landlord. Wesner also claimed that Harborage Land had contacted him to discuss his use of the property while the eviction proceedings were pending. In the second affidavit, attorney Kathleen Ford confirmed Wesner's recent contact with Harborage Land.

In the third affidavit, attorney Martin Awerbach asserted that he had conducted a title search which confirmed that Harborage Land was the current record title holder of the property and that JMS had no interest in the property. He also asserted that the Pinellas County Official Records and Sunbiz.org revealed that JMS's only connection with the property is that it executed the 2009 deed as manager for Harborage Marina, the grantor. These sources do not identify JMS as the manager of grantee Harborage Land or as having authorization to act on its behalf.

JMS filed a motion to strike Awerbach's affidavit as improper opinion testimony and inadmissible hearsay. The court granted JMS's motion to strike Awerbach's affidavit as inadmissible hearsay and entered an order granting JMS partial summary judgment for possession. The court determined that Johnson's testimony at the previous hearing on the motion to determine rents established that JMS "is the 'successor' to the record owner of the leased premises."[2] Thus, the court concluded that any facts suggesting that JMS was not the record owner were not material to the issue of JMS's entitlement to a judgment for possession.

---

[2]The court also found that Johnson's testimony was unsuccessfully challenged on appeal of the order granting JMS's motion to determine rents. However, as we stated previously, the issue of JMS's standing to sue was not fully argued or ruled upon until it was raised in opposition to JMS's motion for partial summary judgment of possession.

On appeal, Wesner first argues that the trial court erred in striking the Awerbach affidavit. We conclude that the court properly struck the Awerbach affidavit as hearsay based on the failure to attach certified copies of the public records on which he relied. See Fla. R. Civ. P. 1.510(e) ("Sworn or certified copies of all documents or parts thereof referred to in an affidavit must be attached thereto or served therewith."); see also Zoda v. Hedden, 596 So. 2d 1225, 1226 (Fla. 2d DCA 1992); Coleman v. Grandma's Place, Inc., 63 So. 3d 929, 933 (Fla. 4th DCA 2011).

Wesner's second argument is that the trial court erred in determining there was no genuine issue of material fact regarding JMS's entitlement to a judgment for possession. This court conducts a de novo review of a summary judgment. Buck-Leiter Palm Ave. Dev., LLC v. City of Sarasota, 212 So. 3d 1078, 1081 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). Summary judgment is proper if the moving party establishes entitlement to judgment as a matter of law and there is no genuine issue of material fact. Id. "In reviewing a summary judgment ruling, we must consider the evidence in the light most favorable to the nonmoving party, and if the record raises the slightest doubt that an issue might exist, we must reverse the summary judgment." Id.

We conclude that partial summary judgment was improper because, even without the Awerbach affidavit, there is a genuine issue of material fact regarding JMS's standing to seek possession. When the amended complaint was filed, the plaintiff was changed from named landlord Maximo Harborage to JMS. There is nothing in the record establishing the relationship between Maximo Harborage and JMS except Johnson's testimony that JMS is the "successor landlord to" Maximo Harborage.

- 6 -

In opposition to JMS's motion for partial summary judgment, Wesner presented evidence that Maximo Harborage changed its name to Harborage Marina after the lease was executed. And Harborage Marina conveyed the real property including the demised premises to Harborage Land in 2009. Under the plain language of the lease, it is arguable that Harborage Land is the current landlord because it owns the fee title to the demised premises. In addition, Wesner presented evidence that Harborage Land had been acting as his landlord since 2009 by sending him rent invoices and accepting his rent payments. Harborage Land also contacted him to discuss his use of the property while the eviction proceedings were pending.

We recognize that a landlord <u>or its agent</u> may file a complaint seeking removal of a tenant. <u>See</u> § 83.21, Fla. Stat. (2014). However, JMS did not assert it was acting as the agent of original landlord Maximo Harborage or any subsequent landlord. Instead, it asserted that it owned the property and was the successor landlord.

The evidence presented by Wesner thus raises a question of fact regarding whether JMS has standing to seek possession as the landlord. Accordingly, we reverse the partial summary judgment for possession and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and SLEET, JJ., Concur.