NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH J. HORGAN, as Successor )
Cotrustee of The Yvonne S. Cosden )
Revocable Trust Dated 7/29/93, )
　 )
　 )
　　　　Appellant, )
　 )
v. ) Case No. 2D17-1354
　 )
CHRISTOPHER E. COSDEN, Individually )
and as Successor Cotrustee of The )
Yvonne S. Cosden Revocable Trust Dated )
7/29/93, )
　 )
　　　　Appellee. )
_____ )

Opinion filed May 25, 2018.

Appeal from the Circuit Court for Sarasota
County; Charles E. Williams, Chief Judge.

Y. Drake Buckman and Allie R. Buckman of
Buckman & Buckman, P.A., Sarasota, for
Appellant.

Susan J. Silverman, Sarasota, for Appellee.


SILBERMAN, Judge.

　　　　Joseph J. Horgan, as successor cotrustee, appeals the final judgment that

terminates The Yvonne S. Cosden Revocable Trust Dated 7/29/93. The trial court

denied Horgan's motion for summary judgment and granted the motion for summary

judgment filed by Christopher E. Cosden, individually and as successor cotrustee, in Cosden's action to terminate his mother's trust that had become irrevocable upon her death. Because Horgan is entitled to summary judgment as a matter of law, we reverse and remand for the trial court to enter a final summary judgment in favor of Horgan that denies termination of the trust.

Yvonne S. Cosden (the Settlor) created a revocable trust in 1993. It was amended and restated in 1998 and further amended and restated on January 24, 2004, in the Second Amendment to and Restatement of The Yvonne S. Cosden Revocable Trust Dated 7/29/93 (the Trust). Cosden and Horgan are the successor cotrustees of the Trust. Cosden is the Settlor's only child. Horgan was the Settlor's personal assistant and friend.

The Settlor died on May 27, 2010, rendering the Trust irrevocable. Under the Trust, Horgan received a cash distribution of $250,000 at the time of the Settlor's death. Although the Trust does not contain a specific provision prohibiting its early termination, it provides that the balance of the Trust is to be held in a lifetime trust for Cosden's benefit. The net income generated from the Trust principal is to be distributed to Cosden incrementally, at least quarterly. The Settlor named three institutions of higher education to share the principal which would be distributed outright upon Cosden's death. The Settlor included a spendthrift provision which provides that "[t]he income and principal of any trust hereunder shall be used only for the personal benefit of the designated beneficiaries of the trust" and that each beneficiary's interest "shall not be subject to any form of pledge, assignment, sale, attachment, garnishment, execution, or other form of transfer."

In August of 2015, the income and remainder beneficiaries entered into an agreement to terminate the Trust early and distribute the trust funds according to a calculation of present day value that Cosden prepared. The agreement stated that the value of the Trust was approximately $3,000,000. Cosden's calculation resulted in a distribution where he would receive over $2,000,000 of the principal. Horgan did not agree to an early termination of the Trust.

In October of 2015, Cosden filed a complaint against Horgan as successor cotrustee to terminate the Trust and direct the distribution of assets in accordance with the beneficiaries' agreement. Horgan responded, contending that termination of the Trust at that time was against the Settlor's wishes to provide for her son for the rest of his life and to provide for principal distributions upon Cosden's death.

The parties filed competing motions for summary judgment, each contending that no issues of material fact existed and that each party was entitled to a judgment as a matter of law. The trial court found that no issues of material fact existed and granted summary judgment in favor of Cosden and directed termination of the Trust, citing sections 736.04113 and 736.04115, Florida Statutes (2015).

Section 736.04113 entitled "Judicial modification of irrevocable trust when modification is not inconsistent with settlor's purpose," provides in pertinent part as follows:

> (1) Upon the application of a trustee of the trust or any
> qualified beneficiary, a court at any time may modify the
> terms of a trust that is not then revocable in the manner
> provided in subsection (2), if:
>
> (a) The purposes of the trust have been fulfilled or have
> become illegal, impossible, wasteful, or impracticable to
> fulfill;

(b) Because of circumstances not anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of a material purpose of the trust; or

(c) A material purpose of the trust no longer exists.

(2) In modifying a trust under this section, a court may: . . .

(b) Terminate the trust in whole or in part; . . .

(3) In exercising discretion to modify a trust under this section:

(a) The court shall consider the terms and purposes of the trust, the facts and circumstances surrounding the creation of the trust, and extrinsic evidence relevant to the proposed modification.

(b) The court shall consider spendthrift provisions as a factor in making a decision, but the court is not precluded from modifying a trust because the trust contains spendthrift provisions.

(4) The provisions of this section are in addition to, and not in derogation of, rights under the common law to modify, amend, terminate, or revoke trusts.

The trial court stated that section 736.04113 allowed for termination of a trust "if the purposes of the trust have become fulfilled or wasteful."

Section 736.04115, entitled "Judicial modification of irrevocable trust when modification is in best interests of beneficiaries," provides in pertinent part as follows:

(1) Without regard to the reasons for modification provided in s. 736.04113, if compliance with the terms of a trust is not in the best interests of the beneficiaries, upon the application of a trustee or any qualified beneficiary, a court may at any time modify a trust that is not then revocable as provided in s. 736.04113(2).

(2) In exercising discretion to modify a trust under this section:

(a) The court shall exercise discretion in a manner that conforms to the extent possible with the intent of the settlor, taking into account the current circumstances and best interests of the beneficiaries.

(b) The court shall consider the terms and purposes of the trust, the facts and circumstances surrounding the creation of the trust, and extrinsic evidence relevant to the proposed modification.

(c) The court shall consider spendthrift provisions as a factor in making a decision, but the court is not precluded from modifying a trust because the trust contains spendthrift provisions. . . .

(5) The provisions of this section are in addition to, and not in derogation of, rights under the common law to modify, amend, terminate, or revoke trusts.

The trial court found that the beneficiaries' agreement to distribute the Trust was in their best interest "because it will preserve the assets held in the Trust by eliminating unnecessary expenses relating to trust administration. A continuation of the Trust would incur unnecessary expenses and trustee's fees."

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); Wesner v. JMS Marinas, LLC, 224 So. 3d 912, 915 (Fla. 2d DCA 2017). Review of a summary judgment that presents a pure question of law is by a de novo standard of review. Fayad v. Clarendon Nat'l Ins. Co., 899 So. 2d 1082, 1085 (Fla. 2005); Roberts v. Sarros, 920 So. 2d 193, 194-95 (Fla. 2d DCA 2006). A trial court's interpretation of trust documents is also reviewed de novo. Minassian v. Rachins, 152 So. 3d 719, 724 (Fla.

4th DCA 2014). The trial court found no issues of material fact existed and construed the Trust with the statutory provisions that allow for termination of trusts.

The settlor's intent is the polestar of trust interpretation. Id. at 725. A court determines "the settlor's intent from the plain and ordinary meaning of the terms set forth in the Trust instrument." Nelson v. Nelson, 206 So. 3d 818, 819 (Fla. 2d DCA 2016). Cosden argues that the purpose of the Trust was fulfilled by the beneficiaries' agreement because the Settlor's intent was to provide for her son and the three educational institutions. He also contends that approval of the agreement would avoid waste because administrative expenses and trustees' fees would not be incurred and it would avoid the risk of market fluctuation. Further, Cosden argues that the agreement was in the best interest of the beneficiaries because it would preserve Trust assets by eliminating unnecessary expenses relating to trust administration.

But the plain language of the Trust reflects that the Settlor wanted to provide for her son financially via incremental distributions of income until he died and then give the entire principal to the three educational institutions. Terminating the Trust before this event will frustrate the purposes of the Trust. The Settlor twice amended the Trust and could have made a lump sum distribution to her son, as she did for Horgan, but she chose not to do so. She also included spendthrift provisions designed to protect each beneficiary's interest.

The undisputed facts do not reflect that there has been any waste of Trust assets, that the purposes of the Trust have been fulfilled, or that termination is in the best interest of the beneficiaries when considered in light of the Settlor's intent. The trustees' fees are customary, there is no indication that the administration expenses are

unusual, and there has been no invasion of principal. Further, the record does not establish that market fluctuations created a real risk that the Settlor's intent would be thwarted. In essence, the beneficiaries simply prefer a different course of action than that chosen by the Settlor: they want their money now. But on this record, the desire to have the money now would be in direct contravention of the Settlor's intent, including her intent that the income beneficiary would only receive incremental distributions of income rather than a lump sum distribution of principal.

The fact that the Trust does not contain an express provision prohibiting early termination does not mean that the Settlor did not express her intent. She expressly stated that she wanted her son to have income payments over the course of his life. Many settlors choose to not provide a beneficiary with a lump sum distribution and may not want to spell out the reasons in a trust document. If we were to affirm the trial court's ruling, beneficiaries could have trusts terminated simply by stating that they did not want to pay trustees' fees, administrative expenses, or be concerned with market fluctuations. Nothing in the record indicates that the Settlor was unaware that markets fluctuate. And the Settlor purposefully chose two trustees and was aware of trustees' fees and administration expenses because she provided for them in the Trust.

Based on the undisputed circumstances, as a matter of law, neither section 736.04113 nor section 736.04115 supports the termination of the Trust. Therefore, we reverse the order on the motions for summary judgment and the final judgment and remand for the trial court to enter a final summary judgment in favor of Horgan that denies termination of the Trust.

Reversed and remanded with directions.

KELLY and CRENSHAW, JJ., Concur.